IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD ADAMS # 292169                    *
                    Plaintiff
        v.                               *      CIVIL ACTION NO. AMD-06-2549

MEDICAL DEPARTMENT                       *
                    Defendant
                                         *
                                       ***

MEMORANDUM

Before the court is a pro se 42 U.S.C. § 1983 complaint for injunctive relief filed by Ronald

Adams, an inmate at the Maryland Correctional Training Center. Adams alleges that he has been

denied medical treatment for complications arising from eye surgery. He seeks injunctive relief and

compensatory damages. The Office of the Attorney General of Maryland, through counsel, has

filed a response with verified exhibits.[1] The exhibits include a declaration by Linda Trisch, RN,

Nurse Manager for medical services at the Maryland Correctional Training Center (MCTC) in

Hagerstown and plaintiff's medical records. These records clearly refute Adams's denial of medical

care claim. Accordingly, the court determines that emergency injunctive relief is unwarranted. [2]

I.   Factual Background

On March 9, 2006, Adams underwent surgery to remove a nodular scleritis, a small growth

on the sclera of his right eye and to remove an extra set of eyelashes. Defendant's Exhibit 1,

Declaration of Linda Tritsch, ¶ 3, Attachment p. 5. The nodular growth "did not involve any of the

sight-involved parts of the eye." *Id*.

On May 28, 2006, Adams complained in a sick call slip that he had been hit in the same eye

_____

[1]On October 6, 2006, the court issued an order to show cause requiring the Office of the Attorney General of Maryland to respond within 14 days in light of the serious questions raised concerning plaintiff's health.

[2]If plaintiff intends to continue this action as a 42 U.S.C. § 1983 claim for constitutionally inadequate medical care, he may amend the complaint within 30 days and/or file a reply to the State's response.

with a football.[3] On June 21, 2006, in a post-surgery ophthalmology appointment at University of Maryland Medical Center, Adams denied any eye pain or vision problems. The chart is noted with the abbreviation "F/U PRN" which means that follow-up was recommended on a "as needed" basis. *See id.* at ¶ 4, Attachment p. 7.

Prison medical practitioners subsequently saw Adams for asthma complaints. Plaintiff did not mention any eye problems at these appointments. *See id.* at ¶ 4, Attachments pp. 6, 8.[4] On September 10, 2006, Adams complained to medical staff that his eye hurt because of a football accident. He was prescribed pain medication, and advised to return if the pain persisted. On September 28, 2006, Adams again complained of eye pain to medical personnel. *See id.*, Attachment p. 10. Linda Trisch indicates that Adams was scheduled to see an optometrist on October 20, 2006.[5]

II. Injunctive Relief

In order to obtain injunctive relief, the following criteria must be satisfied: (i) the likelihood of irreparable harm if the injunction is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood of success on the merits; and (iv) the public interest will be served. *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).

Applying these criteria here, issuance of emergency injunctive relief is not warranted because Adams has not been denied medical care. Adams's medical records plainly refute his claim that

---

[3]Counsel for defendant observes that although Adams now claims the football struck his right eye, the eye on which surgery was performed, it was his *left* eye which was examined as stated in the medical provider's noted. (Emphasis added) Defendant's Exhibit 1 n. 1, Attachment p. 5.

[4]In her declaration, Linda Tritsch states that medical staff saw Adams for asthma complaints on July 17, 2006, and July 28, 2006. Declaration at ¶ 4. The State's response indicates that plaintiff was seen for asthma complaints on June 10, 2006, July 17, 2006, and August 11, 2006. Response at 2. Defendant's attachments document two medical visits for asthma, one on June 10, 2006, and the second on or about August 18, 2006. Defendant's Exhibit 1, Attachments pp. 6, 8. The records from these dates show that Adams did not raise ocular complaints at either appointment.

[5]Tritsch's declaration is dated October 23, 2006. It is unstated whether Adams went to that appointment.

he "put in numerous sick call slips and was denied medical treatment." Complaint p. 4. The nodular growth was never a danger to plaintiff's eyesight, and Adams did not complain of vision problems at eye appointments subsequent to both his surgery and the alleged football injury. Plaintiff's complaint of eye pain, first raised some four months after he complained of being hit by a football, appears to be in the process of being addressed by prison medical staff.  Under these circumstances, there is no cause to order emergency injunctive relief.[6]

III.  Conclusion

An order consistent with this memorandum will be entered denying injunctive relief, quashing the order to show cause, and directing the Clerk to mail a copy of the complaint to Correctional Medical Services. Adams will be granted 30 days to amend the complaint and/or file a reply if he intends to continue this action under 42 U.S.C. § 1983.

Filed: November 3, 2006                                    __/s/_____
                                                                               Andre M. Davis
                                                                               United States District Judge

---

[6]Adams should note that the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 or any other Federal law, by "a prisoner confined in any jail, prison,, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This means that he must properly exhaust available remedies through the Department of Correction before presenting his claims in federal court.  *See Ngo v. Woodford,* 126 S.Ct. 2378, 2386 (2006).  The exhaustion requirement gives prison officials an opportunity to correct problems before the matter is presented in federal court, and creates a useful record if later judicial proceedings are conducted. *Id*. at 2385.